FRANCIS D. WINSTON AND J. H. MATTHEWS, A COPARTNERSHIP KNOWN AS
WINSTON & MATTHEWS, v. M. B. GILLIAM, RECEIVER, AND THE
AULANDER REALTY COMPANY.

(Filed 22 November, 1916.)

**Appeal and Error—Receivers—Corporations—Parties—Orders—Relevancy.**
    Where a corporation and its receiver are both sued in the same action,
    and on motion to strike out the answer filed by the corporation the judge
    orders the individual answer of a stranger to the action to be stricken
    out, and holds that the receiver is the only proper party to defend, it is
    the duty of the appealing corporation to see that its answer is set out in
    the record, by application for *certiorari* in the Supreme Court, if neces-
    sary, so that the court can see its relevancy; and it not appearing from
    the order appealed from that the appellant corporation was affected
    thereby, the appeal will be dismissed at its cost.

THIS is a motion in the above cause, heard by *Peebles, J.,* May Term,
1916, of BERTIE, to strike out answer filed by the defendant the Au-
lander Realty Company to the complaint. The court made the follow-
ing order: "In this cause it appearing to the court that R. J. Dunning,
individually, has filed an answer to the complaint of plaintiffs in this
cause without authority and without leave of the court; and this being
an action against the defendant corporation for which a receiver has
heretofore been appointed, and the receiver, who is a party defendant as
such receiver, being the proper party to defend said action, and he
having filed answer to said complaint and is in all respects properly
defending said action, and the said answer of said R. J. Dunning being
superfluous and unwarranted: It is therefore ordered that the said
answer of R. J. Dunning be and the same is hereby stricken out from
the record in this cause and dismissed therefrom."

From this order the defendant the Aulander Realty Company ap-
peals.

*Winston & Biggs for plaintiffs.*
*Roswell C. Bridger for Aulander Realty Company, defendant.*

BROWN, J. This action was instituted by plaintiffs against the re-
ceiver of the Aulander Realty Company and against the corporation
itself, both being named as defendants in the original summons dated
10 January, 1916. Both defendants are commanded to answer the com-
plaint at a term of Superior Court convening 14 February, 1916. At
said term "defendants were allowed thirty days within which to file
answer as of this term." The defendant Gilliam filed an answer on 15
March, 1916, and the defendant corporation filed answer on 17 March,
1916.

We fail to find any authority in the order of *Peebles, J.,* for striking out the answer of the Aulander Realty Company, the defendant corporation, and therefore its appeal is unnecessary. The order is confined in its effect exclusively to the individual answer of one R. J. Dunning, who is not a party to the action.

We are unable to determine the relevancy of the answer of the defendant corporation, as no copy of it has been included in the record. It was the duty of that defendant, who is the appellant, to see that the answer was copied in the transcript, and, if necessary, to apply in apt time to this Court for a *certiorari.*

Said corporation, having been made a party defendant in addition to its receiver, and no nonsuit having been taken as to it, had a right to answer, but whether the answer is relevant, raises an issue or is a proper one, can only be determined by an inspection of it.

Let costs of this appeal be taxed against the Aulander Realty Company and its sureties.

Appeal dismissed.